**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ASHLEY YODER,** *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>**UNIFIN, INC. and JEFFERSON CAPITAL SYSTEMS, LLC,**<br><br>Defendants. | Case No.<br><br><br><br><br>Class-Action Complaint and<br>Demand for Jury Trial |

<u>**CLASS-ACTION COMPLAINT**</u>

**Ashley Yoder** ("Plaintiff"), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Unifin, Inc.** ("Unifin") and **Jefferson Capital Systems LLC** ("JCS", and with Unifin "Defendants"):

**INTRODUCTION**

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2.     This Court has subject-matter jurisdiction over the FDCPA claims in this action under 15 U.S.C. § 1692k(d), which states that FDCPA actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     This Court has personal jurisdiction over Defendants because Defendants regularly conduct business in the Commonwealth of Pennsylvania and because the occurrences from which

Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the Commonwealth of Pennsylvania.

4. Where the events and occurrences underlying this action occurred within this District, venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Pottstown, Pennsylvania.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant Unifin is a corporation with principal place of business, head office, or otherwise valid mailing address at 5996 W Touhy Ave #2000, Niles, IL 60714.

8. Defendants JCS is a corporation with principal place of business, head office, or otherwise valid mailing address at 200 14th Ave E, Sartell, MN 56377.

9. Defendants both contact persons who allegedly owe debts originally owed to another alleged creditor, via telephone, the U.S. Mail, and/or the Internet in an attempt to solicit or encourage those persons to remit monies.

10. In this instance, Defendant JCS purchased the charged-off debt originally owed to Sprint. Defendant Unifin was contracted by JCS to collect the alleged debt from Plaintiff.

11. Plaintiff alleges Unifin is directly liable and JCS is vicariously liable for Unifin's acts and omissions on JCS' behalf.

12. Both Defendants are "debt collectors" are defined by the 15 U.S.C. § 1692a(6) of the FDCPA.

13. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

14. Plaintiff has a telephone number, (484) XXX-5710, which she uses only as a cellular residential number.

15. Throughout the relevant time period, Defendant Unifin was attempting to collect an alleged debt on behalf of Defendant JCS and subject to the direction and control of JCS.

16. Accordingly, Unifin was acting as JCS' agent.

17. Where Plaintiff alleges Unifin is directly liable and JCS is vicariously liable, for the sake of brevity, Plaintiff refers to the endeavor as being carried out by "Defendants".

18. Defendants have repeatedly called and texted Plaintiff on her cell phone to collect an alleged consumer debt, originally arising from a Sprint cell phone bill.

19. Defendants called and texted, causing her phone to ring repeatedly and continuously, on at least thirty-seven (37) occasions - and likely in excess of fifty (50) occasions.

20. Defendants' calls and texts include, but are not limited to the following instances:

| Date: | Calling number: |
|---|---|
| 1. March 13, 2025 (text) | 82868 |
| 2. March 20, 2025 (text) | 872-278-8405 |
| 3. March 27, 2025 (text) | 872-342-0047 |
| 4. April 3, 2025 (call) | 872-337-8876 |
| 5. April 10, 2025 (call) | 484-344-1493 |
| 6. April 10, 2025 (text) | 872-288-0316 |
| 7. April 14, 2025 (call) | 484-344-1716 |
| 8. April 16, 2025 (text) | 872-766-0323 |
| 9. April 23, 2025 (text) | 872-278-8409 |
| 10. April 28, 2025 (call) | 484-344-1714 |
| 11. April 29, 2025 (text) | 872-758-0892 |
| 12. April 30, 2025 (call) | 484-344-1724 |
| 13. May 1, 2025 (call) | 484-344-1729 |

14. May 5, 2025 (call)          484-344-1728

15. May 5, 2025 (text)          872-888-0875

16. May 7, 2025 (call)          484-344-1716

17. May 9, 2025 (text)          872-342-8199

18. May 13, 2025 (text)         872-278-9175

19. May 15, 2025 (call)         484-344-1726

20. May 19, 2025 (call)         484-344-1728

21. May 19, 2025 (text)         872-278-8409

22. May 21, 2025 (call)         484-344-1709

23. May 23, 2025 (text)         872-342-7157

24. May 26, 2025 (call)         484-344-1709

25. May 28, 2025 (call)         484-344-1714

26. May 28, 2025 (text)         872-762-1648

27. June 2, 2025 (call)         484-344-1729

28. June 2, 2025 (text)         872-231-5946

29. June 4, 2025 (call)         484-344-1709

30. June 5, 2025 (call)         484-344-1716

31. June 6, 2025 (text)         872-772-6296

32. June 9, 2025 (call)         484-344-1726

33. June 10, 2025 (call)        484-344-1724

34. June 10, 2025 (text)        872-888-0875

35. June 16, 2025 (text)        872-278-8407

36. June 20, 2025 (text)        872-888-0281

37. June 20, 2025 (text)        872-772-6296

21.   Defendants also contacted Plaintiff's spouse regarding the debt on at least two (2) occasions.

22.   These occasions include but are not limited to:

**Date:**                    **Calling number:**

1. May 22, 2025 (call)          484-344-1716

4

2. May 29, 2025 (call)                     484-344-1728

23.    On both occasions when Defendants called Plaintiff's husband, he told Defendants to stop calling him and further to stop calling his wife (the Plaintiff).

24.    Despite those clear instructions, Defendants continued to call and text Plaintiff on at least fifteen occasions over the course of the following month, as reflected in the list following paragraph 20.

25.    Where Defendants sought to collect Plaintiff's alleged debt from her husband, they cannot reasonably argue Plaintiff's husband's cease-and-desist instruction[1] could not be imputed to Plaintiff.

26.    Once Defendants knew its calls were unwanted and to stop calling, all further calls could have only been made solely for purposes of harassment.

27.    In fact, Defendants made use of several different phone numbers to prevent Plaintiff from effectively blocking further calls and texts.

28.    Defendants' incessant calls and texts were bothersome, disruptive and irritating to Plaintiff.

**CLASS ALLEGATIONS**

29.    Pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), Plaintiff brings this lawsuit as a class action on behalf of herself and all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

30.    Plaintiff seeks to represent the following classes:

> **Unifin cease-and-desist class:** All persons in the United States who received one or more telephone calls or text messages from Unifin in connection with an effort to collect a debt alleged to be owed by an individual (rather than a business), more than three days after Unifin's records reflect a cease-and-desist instruction, from one year before the filing of the complaint until the date of class certification.

---

[1] Again, Plaintiff's husband told Defendants to stop calling Plaintiff's phone number, as well as his own.

**Unifin-JCS cease-and-desist class:** All persons in the United States who received one or more telephone calls or text messages from Unifin in connection with an effort to collect a debt alleged to be owed by an individual (rather than a business) to JCS, more than three days after Unifin's records reflect a cease-and-desist instruction, from one year before the filing of the complaint until the date of class certification.

**Unifin Spousal Cease-and-Desist Subclass:** All persons in the United States who received one or more telephone calls or text messages from Unifin in connection with an effort to collect a debt alleged to be owed by an individual (rather than a business), more than three days after Unifin's records reflect a cease-and-desist instruction from the alleged debtor's spouse, from one year before the filing of the complaint until the date of class certification.

**Unifin-JCS Spousal Cease-and-Desist Subclass:** All persons in the United States who received one or more telephone calls or text messages from Unifin in connection with an effort to collect a debt alleged to be owed by an individual (rather than a business) to JCS, more than three days after Unifin's records reflect a cease-and-desist instruction from the alleged debtor's spouse, from one year before the filing of the complaint until the date of class certification.

31.    Excluded from the Unifin and JCS Classes are any entity in which Defendant have a controlling interest or which has a controlling interest in Defendant, and Defendant's owners, affiliates, agents, legal representatives, predecessors, successors, assigns, and employees. Also excluded are the judge and staff to whom this case is assigned, and any member of the judge's immediate family. Plaintiff reserves the right to amend or modify the class definitions consistent with the record.

32.    The putative class members' identities are readily ascertainable from Defendants' records or records within Defendants' control.

33.    Plaintiff's claims are typical of the class members, as all are based on the same facts and legal theories.

34.    Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff will fairly and adequately protect the interests of the class members insofar

and Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this class action lawsuit. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests which might cause them not to vigorously pursue this action.

35.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules Civil Procedure because there is a well-defined community interest in the litigation.

36.     Class Members are so numerous that the individual joinder of all class members is impracticable. There are no likely difficulties to be encountered in managing this case as a class action.

37.     Common questions of law and fact exist to all Class Members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to the following:

   a. Whether Defendants maintain an adequate internal registry of individuals who have requested not to be contacted by them;

   b. Whether Defendants have adequate mechanisms to implement consumer cease-and-desist requests;

   c. Whether JCS and Unifin have an agency relationship (for the Unifin-JCS class and subclass);

   d. Whether JCS ratified any FDCPA violations by Unifin (for the Unifin-JCS class and subclass);

   e. Whether a cease-and-desist request by a consumer's spouse is imputed to the consumer (for spousal subclasses);

f. Whether Defendants' conduct violates 15 USC §§ 1692d and 1692d(5); and

g. Whether the totality of Defendants' conduct warrants an award on the high end or low end of the statutory damages available under the FDCPA.

38. Plaintiff and the putative class members have claims arising out of Defendants' uniform course of conduct, namely improperly placing debt collection calls and text messages to Plaintiff and the putative class members after receiving requests to cease.

39. The class action mechanism is superior to other available means for the fair and efficient adjudication of this case. Each individual class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent and contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

40. Based on discovery and further investigation, Plaintiff may, in addition to moving for class certification, use modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Rule 23. Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions.

8

41.     Based on information and belief, Defendants continues to engage in the improper practices discussed above. Injunctive relief is necessary and appropriate to enjoin Defendants' conduct and to prevent irreparable harm to Plaintiff and Class members for which they have no adequate remedy at law.

**COUNT I**
**DEFENDANTS VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA**

42.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

43.     Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

44.     Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

45.     Defendants violated §§ 1692d and 1692d(5) of the FDCPA when it placed repeated harassing telephone calls to Plaintiff within the one-year period preceding the filing of this Complaint knowing at all times its calls were unwanted.

46.     Because Plaintiff's spouse informed Defendants that she did not wish to be contacted, Defendants' repeated calls to Plaintiff had the natural consequence of harassing, oppressing, abusing, and annoying Plaintiff, and Defendants intended that its actions have these consequences.

**Wherefore**, Plaintiff, **Ashley Yoder**, individually and on behalf of all others similarly situated, respectfully prays for judgment as follows:

9

a.      Entry of an order against Defendants pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), certifying this action as a class action and appointing Plaintiff as the class representative;

b.      Entry of an order appointing Kimmel & Silverman, P.C. as class counsel;

c.      All actual damages Plaintiff suffered, as provided in 15 U.S.C. § 1692k(a)(1));

d.      Statutory damages of $1,000 for the violation of the FDCPA, as provided by 15 U.S.C. § 1692k(a)(2)(A));

e.      All reasonable attorneys' fees, witness fees, court costs, class administration, and other litigation costs, as provided under 15 U.S.C. § 1693k(a)(3)); and

f.      Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Ashley Yoder**, demands a jury trial in this case.

Respectfully submitted,

Dated: July 9, 2025

By: */s/ Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq.
PA Attorney ID: 311908
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (267) 468-5374
Email: jginsburg@creditlaw.com
teamkimmel@creditlaw.com