UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY YODER,<br><br>     Plaintiff,<br><br>v.<br><br>UNIFIN, INC. AND JEFFERSON<br>CAPITAL SYSTEMS, LLC,<br><br>     Defendants. | Case No.: 2:25-CV-03504-GJP |

## UNIFIN, INC.'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Unifin, Inc.'s ("Unifin"), responds to the Complaint filed by Ashley Yoder ("Plaintiff"), as follows:

### INTRODUCTION

1. Unifin admits that Plaintiff brings this action pursuant to alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.*, but denies any violations, wrongdoing or liability and further denies that Plaintiff is entitled to any relief.

### JURISDICTION AND VENUE

2. Unifin denies the allegations in ¶ 2 as calling for a legal conclusion. Unifin further states the claims asserted by Plaintiff are subject to a valid and enforceable arbitration agreement, which requires that any and all disputes between the parties be resolved through binding arbitration.

1

3.  Unifin denies the allegations in ¶ 3 as calling for a legal conclusion.  Unifin further states the claims asserted by Plaintiff are subject to a valid and enforceable arbitration agreement, which requires that any and all disputes between the parties be resolved through binding arbitration.

4.  Unifin denies the allegations in ¶ 4 as calling for a legal conclusion.

## PARTIES

5.  Unifin admits only that Plaintiff is a natural person residing in the Commonwealth of Pennsylvania. Except as specifically admitted, Unifin denies the remaining allegations in ¶ 5 as calling for a legal conclusion.

6.  Unifin denies the allegations in ¶ 6 as calling for a legal conclusion.

7.  Unifin admits only that it is a corporation with a mailing address of 5996 W Touhy Ave. #2000, Niles, IL 60714

8.  The allegations in ¶ 8 make no averment against Unifin for which a response is required.  To the extent a response is required, Unifin denies the allegations.

9.  Unifin admits only that as part of its business it attempts to collect unpaid obligations owed to others and that it uses the mail, telephone, and internet to conduct its business.  Except as specifically admitted, Unifin denies the allegations in ¶ 9 as calling for a legal conclusion.

10. Unifin admits only that it was retained by Jefferson Capital Systems, LLC ("JCAP") to collect a debt owed to it by Plaintiff.  Except as specifically admitted, Unifin denies the allegations in ¶ 10.

11. Unifin denies the allegations in ¶ 11 as calling for a legal conclusion.

12. Unifin denies the allegations in ¶ 12 as calling for a legal conclusion.

13. Unifin denies the allegations in ¶ 13 as calling for a legal conclusion.

## FACTUAL ALLEGATIONS

14. Unifin denies the allegations in ¶ 14 for lack of knowledge or information sufficient to form a belief therein.

15. Unifin admits only that it was retained by JCAP to collect a debt owed to it by Plaintiff. Except as specifically admitted, Unifin denies the allegations in ¶ 10 as calling for a legal conclusion.

16. Unifin denies the allegations in ¶ 16 as calling for a legal conclusion.

17. Unifin denies the allegations in ¶ 17 as calling for a legal conclusion.

18. Unifin admits only that it placed telephone calls and text messages to Plaintiff in an attempt to collect a debt. Except as specifically admitted, Unifin denies the allegations in ¶ 18.

19. Unifin admits only that it placed telephone calls and text messages to Plaintiff in an attempt to collect a debt. Except as specifically admitted, Unifin denies the allegations in ¶ 19.

20. Unifin admits only that it placed telephone calls and text messages to Plaintiff in an attempt to collect a debt. Except as specifically admitted, Unifin denies the allegations in ¶ 20.

21. Unifin admits only that it placed telephone calls to Plaintiff in an attempt to collect a debt. Except as specifically admitted, Unifin denies the allegations in ¶ 21.

22. Unifin admits only that it placed telephone calls to Plaintiff in an attempt to collect a debt.  Except as specifically admitted, Unifin denies the allegations in ¶ 22.

23. Unifin denies the allegations in ¶ 23 as written.

24. Unifin denies the allegations in ¶ 24 as written.

25. Unifin denies the allegations in ¶ 25 as calling for a legal conclusion.

26. Unifin denies the allegations in ¶ 26.

27. Unifin denies the allegations in ¶ 27.

28. Unifin denies the allegations in ¶ 28.

## CLASS ALLEGATIONS

29. Unifin admits Plaintiff proposes to represent a class of persons as alleged in ¶ 29. Except as specifically admitted, Unifin denies the allegations in ¶ 29 and denies this lawsuit meets the requirements for a class action.

30. Unifin denies the allegations in ¶ 30 and further denies this lawsuit meets the requirements for a class action.

31. Unifin admits plaintiff proposes to exclude from the class those individuals and entities described in ¶ 31, but denies the allegations and further denies this lawsuit meets the requirements for a class action.

32. Unifin denies the allegations in ¶ 32 and further denies this lawsuit meets the requirements for a class action.

33. Unifin denies the allegations in ¶ 33 and further denies this lawsuit meets the requirements for a class action.

34. Unifin denies the allegations in ¶ 34 and further denies this lawsuit meets the requirements for a class action.

35. Unifin denies the allegations in ¶ 35 and further denies this lawsuit meets the requirements for a class action.

36. Unifin denies the allegations in ¶ 36 and further denies this lawsuit meets the requirements for a class action.

37. Unifin denies the allegations in ¶ 37 and all its subparts and further denies this lawsuit meets the requirements for a class action.

38. Unifin denies the allegations in ¶ 38 and all its subparts and further denies this lawsuit meets the requirements for a class action.

39. Unifin denies the allegations in ¶ 37 and all its subparts and further denies this lawsuit meets the requirements for a class action.

40. Unifin denies the allegations in ¶ 40 and all its subparts and further denies this lawsuit meets the requirements for a class action.

41. Unifin denies the allegations in ¶ 41 and all its subparts and further denies this lawsuit meets the requirements for a class action.

## COUNT I
## DEFENDANTS VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA

42. In response to ¶ 42, Unifin reasserts the foregoing as if fully stated herein.

43. Unifin denies the allegations in ¶ 43 as calling for a legal conclusion.

44. Unifin denies the allegations in ¶ 44 as calling for a legal conclusion.

45. Unifin denies the allegations in ¶ 45.

46. Unifin denies the allegations in ¶ 46.

In response to the paragraph beginning with "WHEREFORE," Unifin denies that Plaintiff is entitled to the relief sought in its subparts (a) through (f).

## AFFIRMATIVE DEFENSES

AND NOW, in further response to Plaintiff's Complaint, Unifin avers as follows:

1.      Plaintiff's claims are subject to mandatory and binding arbitration.

2.      The Complaint fails to state a claim on which relief can be granted.

3.      Pursuant to 15 U.S.C. § 1692k(c), to the extent that any violations are established, any such violations were not intentional and resulted from *bona fide* error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

4.      Assuming that Plaintiff suffered any damages, which is denied, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

5.      Any harm suffered by Plaintiff, which is denied, was legally and proximately caused by persons or entities other than Unifin and who were beyond the control or supervision of Unifin or for whom Unifin was and is not responsible or liable.

6.      To the extent Unifin committed any violation, which it denies, such violation was not willful and was only negligent.

WHEREFORE, Defendant, Unifin, Inc., respectfully requests the Court dismiss this action with prejudice and grant it any other relief the Court deems appropriate.

Dated: September 22, 2025                    Respectfully submitted,

                                        */s/ Michelle L. Sanginiti*

6

Michelle L. Sanginiti, Esq.  (#311248)
Sessions, Israel & Shartle, LLC
5 Caton Circle
Newtown, PA 18940
Telephone: (267) 996-3010
Facsimile: (877) 334-0661
Email: msanginiti@sessions.legal

*Attorneys for Defendant,*
*Unifin, Inc.*

## CERTIFICATE OF SERVICE

I certify that on September 22, 2025, a copy of the foregoing was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.

By:    /s/ Michelle L. Sanginiti
       Michelle L. Sanginiti, Esq.

7